UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

                      Plaintiff,

v.

Lionel Thomas Taylor Payne,

                      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 15-355 ADM
Civil No. 16-3140 ADM

_____

Benjamin F. Langner, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Lionel Thomas Taylor Payne, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Lionel Thomas Taylor Payne's ("Payne") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 26][1] (the "Motion"). Payne argues that the Court sentenced him under an incorrect Sentencing Guidelines range because his total Offense Level should have been 20 rather than 22. For the reasons set forth below, Payne's Motion is denied.

## II. BACKGROUND

On December 28, 2015, Payne was charged by Information with wire fraud, in violation of 18 U.S.C. § 1343. See Information [Docket No. 1]. He entered a plea of guilty on January 12, 2016, pursuant to a Plea Agreement. Min. Entry [Docket No. 6]. In the Plea Agreement, the parties stipulated to certain Guideline calculations relating to Payne's total offense level. Plea Agreement [Docket No. 10] ¶ 9. The stipulated Guideline calculations included a two level

---

[1] All docket citations are to the Criminal Docket.

increase to Payne's offense level because the wire fraud involved the use of sophisticated means, and an additional two level increase because Payne abused a position of trust in a manner that significantly facilitated the commission and concealment of the offense. Id. ¶ 9(c)(3). The parties further agreed that if Payne's adjusted offense level was 22 and his criminal history category was I, the applicable Sentencing Guideline range was 41–51 months imprisonment. Id. ¶ 9(f).

On June 9, 2016, the probation office issued a Presentence Investigation Report ("PSR") [Docket No. 13] that calculated Payne's total offense level to be 20. PSR at 13–14. The PSR did not apply the two-level enhancement for abuse of trust. Id. at A.1. The Government objected to the nonapplication of the abuse of trust enhancement. Id.

On July 20, 2016, Payne was sentenced. At the sentencing hearing, the Court agreed with the Government that the two-level enhancement for abuse of trust applied. Statement Reasons [Docket No. 24] ¶ I (B)(1). As a result, Payne's total offense level was 22, which resulted in a Sentencing Guideline range of 41–51 months imprisonment. Id. ¶ III; Plea Agreement ¶ 9(f). Payne was sentenced to 41 months, the lowest end of the Guideline range. Sentencing J. [Docket No. 23] at 2.

### III. DISCUSSION

Payne moves under § 2255 for a sentence reduction, arguing that the PSR calculated his total offense level to be 20, and thus the Court should have applied a Guideline range of 33 to 41 months. Payne's motion fails because it does not take into account the two-level enhancement for abuse of trust that was applied by the Court at sentencing. Payne does not address the enhancement for abuse of trust, let alone provide an argument for why it should not apply. When this enhancement is added to the offense level calculated in the PSR, Payne's total offense

level is 22.  See Plea Agreement ¶ 9(f).  Therefore, Payne was sentenced under the correct offense level and Guideline range.

## IV.  CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability.  A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this Motion differently, or that any of the issues raised in the Motion would be debatable among reasonable jurists.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Lionel Thomas Taylor Payne's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 26] is **DENIED**.  A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 10, 2016.